J-S64015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ISAAC FLOYD | : | |
| | : | |
| Appellant | : | No. 3866 EDA 2017 |

Appeal from the PCRA Order November 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0907931-1999

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.: **FILED JANUARY 08, 2019**

Isaac Floyd appeals from the November 3, 2017 order dismissing his PCRA petition as untimely. We affirm.

The facts giving rise to the convictions underlying the instant PCRA petition were summarized by the trial court:

At 3:30 PM on August 3, 1999, approximately fifteen people were playing a game of craps on the corner of Heiskel and Baynton Streets in Philadelphia. Torrey Thompson, one of the players, saw a vehicle pull up close to the game. He saw two men get out and approach the group. One of those men was Appellant who then aimed a handgun at one of the players and ordered everyone to stay put. Appellant then shot Ali Shabazz, making him fall to the ground. Then he stepped over top of him, aimed at his groin and shot him three or four times. Appellant then turned to another player, Mr. Purnell, and shot him once. Appellant then turned to Mr. Thompson who was sitting in a chair next to Mr. Purnell, aimed at his face and shot, then, aiming at his groin, shot him another three times, hitting a testicle, his penis, and his upper thigh. Mr. Thompson tried to get up to run and was shot again in the buttocks. All three victims sustained serious injuries. Mr. Purnell

recognized Appellant as "Ike" at the shooting and told the police at the hospital his name and in what section of Germantown he lived.

Trial Court Opinion, 1/3/01, at 2-3.

Appellant was convicted by a jury of three counts each of attempted murder, aggravated assault, robbery, and one count of possessing an instrument of crime ("PIC"). He was sentenced on June 14, 2000, to three consecutive life sentences on the attempted murder counts, three twenty-five to fifty-year consecutive sentences for robbery, and a concurrent two and one-half to five years of imprisonment for PIC. Judgment of sentence was affirmed by this Court on direct appeal. *Commonwealth v. Floyd*, No. 2034 EDA 2000 (Pa.Super. 2001) (unpublished memorandum). Appellant did not seek allowance of appeal.

On January 13, 2003, Appellant filed his first PCRA petition and counsel was appointed. Counsel filed an amended petition, which was dismissed without an evidentiary hearing. This Court affirmed on appeal, and allowance of appeal was denied. *Commonwealth v. Floyd*, 894 A.2d 816 (Pa.Super. 2005) (unpublished memorandum), *appeal denied,* 899 A.2d 1121 (Pa. 2006). Appellant filed a second PCRA petition on May 8, 2008, which was dismissed without a hearing. A third PCRA petition was dismissed as untimely. After Appellant succeeded in obtaining *nunc pro tunc* reinstatement of his appellate rights from the dismissed third petition, this Court affirmed. *Commonwealth v. Floyd*, 97 A.3d 798 (Pa.Super. 2014) (unpublished memorandum).

The instant petition, Appellant's fourth, was filed on October 15, 2014, and amended several times. The PCRA court issued notice pursuant to

Pa.R.Crim.P. 907(a) of its intent to dismiss the petition as untimely. Appellant

filed objections to the dismissal, followed by two additional amended petitions.

On November 3, 2017, the PCRA court dismissed the petition, and Appellant

timely appealed.

Appellant presents three issues for our review:

1) Did the PCRA Court err in holding, without an evidentiary hearing, that [A]ppellant's petition was untimely where the Court failed to properly interpret United States Supreme Court precedent when considering its jurisdiction to correct [A]ppellant's illegal sentence?

2) Did the PCRA Court err in holding, without an evidentiary hearing, [A]ppellant failed to exercise due diligence to obtain the affidavit from the victim, Anthony Purnell?

3) Did the PCRA Court err in holding, without an evidentiary hearing, that the affidavits of Ali Shabazz, Kent Derry, Darnell Gay, Gary Smith, and John Blow, were presented as the substance of a claim of innocence, when in fact, those affidavits were presented as a show of [A]ppellant's diligent attempts to protect his own interest?

Appellant's brief at 2.

In reviewing the denial of PCRA relief, we must decide whether the PCRA

court's factual determinations are supported by the record and free of legal

error. **Commonwealth v. Brown**, ___A.3d___, 2018 Pa. LEXIS 5489, *32-33

(Pa. 2018) (citing **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011)).

A petitioner is not entitled to an evidentiary hearing as a matter of right. A

PCRA court must hold a hearing when a PCRA petition raises any issues of

material fact. ***Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004) (citing Pa.R.Crim.P. 908(A)(2)).

Generally, a petition for post-conviction relief, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final, unless the petitioner alleges and proves that one of the three exceptions to the time bar applies. "A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S. § 9545(b)(3)." ***Commonwealth v. Hernandez***, 79 A.3d 649, 650 (Pa.Super. 2013). The merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). Jurisdiction does not exist if the PCRA petition is untimely filed. ***Id***.

Herein, Appellant's judgment of sentence became final on or about January 27, 2002, thirty days after this Court affirmed judgment of sentence when he did not file a petition for allowance of appeal. 42 Pa.C.S. § 9545(b)(3). Thus, the petition was filed roughly a dozen years too late. However, a facially untimely petition will be rendered timely if a petitioner pleads and proves one of the exceptions to the one-year time bar set forth in 42 Pa.C.S. § 9545(b)(1)(i-iii); ***see also Commonwealth v. Smallwood***, 155 A.3d 1054, 1060 (Pa.Super. 2017) (affirming it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies).

Appellant pled that the exceptions for newly-discovered facts and a new constitutional rule set forth in 42 Pa.C.S. § 9545(b)(1)(ii) and (iii) rendered his petition timely:

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(ii) and (iii).

The law is well settled that, "[q]uestions regarding the scope of the statutory exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is *de novo*." ***Commonwealth v. Robinson***, 185 A.3d 1055, 1059 (Pa.Super. 2018) (*en banc*) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 n.1 (Pa. 2006)).

To avail oneself of the exception for newly-recognized constitutional rights, the right must have been held to apply retroactively by either the United States Supreme Court or the Pennsylvania Supreme Court. Regarding the newly-discovered facts exception, "a petitioner must demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted). In addition, a petitioner must plead and prove specific facts demonstrating that his claim was raised within the sixty days after he learned

of the new fact or the newly-recognized constitutional right was held to be retroactive. 42 Pa.C.S. § 9545(b)(2).

Appellant contends first that his petition challenging the legality of his sentence is timely under ***Alleyne v. United States***, 133 S. Ct. 2151 (2013), and ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016), which recognized new constitutional rights that were to be applied retroactively. However, as the PCRA court properly concluded, the United States Supreme Court did not expressly hold ***Alleyne*** to be retroactive, and our Supreme Court held in ***Commonwealth v. Washington***, 143 A.3d 810, 820 (Pa. 2016), that ***Alleyne*** does not apply retroactively to judgments of sentence that were final as of ***Alleyne***'s publication. While the United States Supreme Court held in ***Montgomery*** that its previous decision in ***Miller v. Louisiana***, 132 S. Ct. 2455 (2012), was to be applied retroactively, that determination related only to juveniles sentenced to mandatory life imprisonment without possibility of parole. Appellant does fall within the ambit of ***Miller*** or ***Montgomery***. Hence, Appellant's petition is not rendered timely by the exception for new constitutional rights in § 9545(b)(1)(iii).

Nor did Appellant properly invoke the newly-discovered fact exception when he appended the affidavit of Anthony Purnell, dated November 11, 2016, to an amended petition. In the affidavit, Purnell avers that he was "coerced into falsely testifying against Isaac (Ike) Floyd and I would like to recant said testimony, because he is not the person who shot me or those other guys at

the dice game. I am willing to testify to this." Amended PCRA Petition, 12/16/16, at Exhibit B (Affidavit Anthony Purnell, 11/11/16, at 1). Appellant was required to plead that, with the exercise of due diligence, he could not have discovered this fact earlier. The only reason Appellant asserts for his inability to ascertain Purnell's willingness to recant earlier was Purnell's lack of cooperation with the initial investigation sixteen years before. Appellant now cites Purnell's reluctance and lack of cooperation as the justification for Appellant's failure to discover his recantation earlier. He relies upon authorities holding that such witnesses are deemed unavailable for purposes of after-discovered evidence under the PCRA, and alleges that the PCRA court misapplied the law. Finally, Appellant maintains that he raised a genuine issue of material fact as to whether Purnell was coerced by detectives, and that he should have had an evidentiary hearing.

The PCRA court found that Appellant failed to make the requisite demonstration of due diligence to merit a hearing. The court cited Appellant's failure to include specifics as to when he learned of Purnell's recantation, or establish that he filed the petition within sixty days of that date.[1] Moreover, Appellant failed to demonstrate that he could not have learned earlier of

---

[1] Appellant filed the instant petition on October 15, 2014. He alleged therein that his sentence was illegal under **Alleyne v. United States**, 133 S. Ct. 2151 (2013). He filed an amended petition on December 16, 2016, in which he asserted the exceptions to the one-year time bar and appended Purnell's November 11, 2016 affidavit.

Purnell's willingness to recant his identification of Appellant with the exercise of due diligence. Appellant knew that Purnell was uncooperative with the police investigation prior to trial, and the PCRA court reasoned that Purnell's reluctance could have been explored at the time.[2] Finally, the PCRA court found that Appellant failed to outline the steps he took to enlist Purnell's cooperation in the years following his conviction.

Preliminarily, we note that Appellant's discussion of an unwilling witness being deemed unavailable for purposes of after-discovered evidence misses the mark. The newly-discovered fact exception to the one-year time bar is not the same as after-discovered evidence. While the timeliness exception for newly-discovered facts was at issue in *Commonwealth v. Davis*, 86 A.3d 883 (Pa.Super. 2014), that issue turned on whether the appellant exercised due diligence when he did not obtain transcripts of unrelated proceedings involving witnesses who testified against him, and who denied that they were offered any special considerations for their testimony. We reasoned that the appellant would have had no reason to seek those transcripts, as it would have

_____

[2] In his December 16, 2016 amended petition, Appellant alleged that Purnell would not cooperate at the scene or speak to detectives at the hospital. Amended Petition, 12/16/16, at 5. He represented further that Purnell testified at trial that he did not know the identity of the perpetrator. *Id*. at 1. Appellant averred that, "[p]ost-trial, Purnell states he was coerced into testifying falsely. Under these circumstances there was no way Mr. Floyd or his attorney's [sic] at the time could have persuaded Purnell to admit he's been coerced into stating Mr. Floyd was the perpetrator." *Id*. at 5. Appellant seemingly suggested that no effort was made in this regard.

required him to assume that the Commonwealth permitted the witnesses to commit perjury. We held that "[d]ue diligence does not require a defendant to make such unreasonable assumptions." *Id*. at 890.

At the time of trial, Appellant was aware that Purnell allegedly identified him to police as the shooter, and further, that Purnell was reluctant to cooperate with police. Purnell testified at trial that he did not know the identity of the shooter. Thus, technically, the newly-discovered fact, *i.e.*, that Purnell would testify that Appellant was not the shooter, was not a recantation of Purnell's trial testimony. Furthermore, unlike the situation in **Davis**, Appellant had every reason to approach Purnell at the time of trial, and may have done so. In any event, Appellant offered no explanation as to why he did not approach Purnell earlier. **Compare Commonwealth v. Medina**, 92 A.3d 1210 (*en banc*) (affirming PCRA court's finding that appellee could not have discovered with due diligence that police had coerced eleven-year-old witness into testifying that the appellee had a knife and threatened to kill someone shortly before the murder when even the prosecution was unaware that it used perjured testimony).

Appellant maintains that he offered the affidavits of Ali Shabazz, Kent Derry, Darnell Gay, Gary Smith, and John Blow, as proof of his due diligence for purposes of satisfying the timeliness exception, and that the PCRA court erred in failing to consider them for that purpose. However, we find no error

as the affidavits were irrelevant to that inquiry.[3] The affidavits do not relate to the newly-discovered fact asserted by Appellant, *i.e.*, that Purnell's earlier identification was coerced by police and that he was now willing to recant.[4] Appellant must show that he exercised due diligence in discovering the previously unknown fact asserted; the affidavits from other witnesses and/or victims had no bearing on that question. **See Brown**, **supra** (affirming that petitioner has to allege newly-discovered fact and demonstrate that that he could not have learned **that fact** with the exercise of due diligence). Thus, Appellant's claim of PCRA court error merits no relief.

We conclude that the record supports the PCRA court's finding that Appellant failed to make the requisite showing of due diligence to merit a hearing or satisfy the timeliness exception for newly-discovered facts. Since

---

[3] As the PCRA court noted, the affidavits of Ali Shabazz, Kent Derry, Darnell Gay, Gary Smith, and John Blow, were dated between 2000 and 2009, well beyond the sixty-day period for invoking the newly-discovered fact exception. Furthermore, Appellant previously sought PCRA relief based on at least some of these affidavits, and hence, the issues were previously litigated. **See Commonwealth v. Floyd**, 97 A.3d 798 (Pa.Super. 2014) (unpublished memorandum) (finding affidavit of Shabazz did not satisfy newly-discovered fact exception). **See** 42 Pa.C.S*.* § 9544(a)(3) (defining an issue as previously litigated if it was "raised and decided in a proceeding collaterally attacking the conviction or sentence").

[4] The newly-discovered fact is not that Appellant is innocent, as Appellant would necessarily have known that fact at the time. As our Supreme Court reiterated in **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008), "[e]xception (b)(1)(ii) requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him and that he could not have ascertained those facts by the exercise of due diligence."

Appellant failed to plead the applicability of a timeliness exception, we affirm the PCRA court's dismissal of the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/19